BENJAMIN B. WAGNER
United States Attorney
KELLI L. TAYLOR
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $16,923.70 IN<br>U.S. CURRENCY,<br><br>    Defendant. | 2:09-CV-02087-WBS-EFB<br><br>**JOINT STATUS REPORT;**<br>**STIPULATION FOR FURTHER STAY**<br>**OF PROCEEDINGS; AND**<br>**ORDER [**~~PROPOSED~~**]** |

Plaintiff United States of America ("Plaintiff") and claimants Eric Engstrom ("Engstrom") and Mona Colomb ("Claimants"), by and through their respective counsel, hereby submit the following Joint Status Report in accordance with the Court's Order as filed in this action on December 22, 2009.

**(a)  Summary of the Claims**

On July 28, 2009, Plaintiff filed a verified complaint in this action ("Complaint").  The defendant in this action is described as Approximately $16,923.70 in U.S. Currency ("defendant currency").  The defendant currency was seized on or about February 20, 2009, at 14964 Lake Lane, Nevada City, California, and is in the custody of the United States Marshals

1  Service, Eastern District of California.  As set forth in the
2  Complaint, the defendant currency constitutes money or other
3  things of value furnished or intended to be furnished by any
4  person in exchange for a controlled substance or listed chemical
5  in violation of 21 U.S.C. §§ 841 et seq., proceeds traceable to
6  such an exchange, and/or moneys used or intended to be used to
7  facilitate any violation of 21 U.S.C. §§ 841 et seq.
8       On November 12, 2009, Claimants filed a Claim to the
9  defendant property.  On November 23, 2009, they filed an Answer
10 to the Complaint.
11 **(b)  Status of Service on All Defendants and Cross Defendants**
12      All known potential claimants have been served with the
13 Complaint, Notice of Complaint, Application and Order for
14 Publication, and Court Notices.  Accordingly, service is
15 complete.
16 **(c)  Possible Joinder of Additional Parties**
17      None.
18 **(d)  Contemplated Amendments to the Pleadings**
19      None.
20 **(e)  Statutory Basis of Jurisdiction and Venue**
21      This Court has jurisdiction in this matter pursuant to 28
22 U.S.C. § 1345 and 28 U.S.C. § 1355(a).  Venue is proper in this
23 district pursuant to 28 U.S.C. § 1355(b) and 28 U.S.C. § 1395.
24 **(f)  Written Report Outlining Proposed Discovery Plan under Federal Rule of Civil Procedure 26(f)**
25
26      As of the December 1, 2006, amendments to Rule 26 of the
27 Federal Rules of Civil Procedure, civil forfeiture actions are
28 exempt from the initial disclosure requirements applicable to

most other civil actions.  See Fed. R. Civ. P. 26(a)(1)(E)(ii).

Rather than fully schedule this case at this time, the Parties jointly request a further stay of proceedings in this matter for an additional three months pending the outcome of the appeal in the state prosecution of Claimant Eric Engstrom in Superior Court of California for the County of Nevada, Case No. SF09-079.  A further stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) and 21 U.S.C. § 881(i), based on the following reasons:

The United States contends that the defendant currency constitutes money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 et seq., proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841 et seq.  The United States intends to depose Engstrom about the claim he filed in this case; his involvement in and/or knowledge of drug-trafficking; the source of the funds seized; and other facts as alleged in the Complaint.  If Engstrom as a claimant in this action invokes his Fifth Amendment rights, the United States will be deprived of its ability to explore the factual bases underlying Engstrom's claim in this action and to examine the assertions he has raised in the Answer he has filed herein.

Engstrom as a claimant in this action will, in turn, seek to depose law enforcement officers who participated in the seizure of the defendant currency on February 20, 2009, facts of which also form the basis of the pending criminal case against

Engstrom.  Allowing the depositions of the officers would potentially and adversely affect the ability of the State of California to conduct its criminal prosecution against Eric Engstrom.

Accordingly, the Parties agree that proceeding with this action at this time has potential adverse effects on the prosecution of the related criminal cases and/or upon Engstrom's ability to prove his claim to the property and/or assert any defenses to forfeiture.  For these reasons, the Parties jointly request that this matter be further stayed pending the outcome of the state criminal prosecution, at which time the Parties will advise the Court whether a further stay is necessary.

**(g)   Proposed Discovery Cut-Off Date**

In light of the requested further stay, the parties ask that the case not be scheduled at this time.

**(h)   Proposed Date for All Motions to be Filed and Heard**

In light of the requested further stay, the parties ask that the case not be scheduled at this time.

**(i)   Proposed Modification of Standard Pretrial Proceedings**

In light of the requested further stay, the parties ask that the case not be scheduled at this time.

**(j)   Estimated Length of Trial**

Not likely to exceed three (3) days.

**(k)   Related to Any Other Case**

State of California v. Eric Engstrom, Case No. SF09-079, Superior Court of California for the County of Nevada.

**(l)   Matters Under Local Rule 16-240 Adding to Just and Expeditious Disposition of Matter**

1  None.

2  **(m)  Identification by Nongovernmental Corporate Party of Parent and Subsidiary Corporations**

4  None.

5  Dated: 1/7/11                     BENJAMIN B. WAGNER
                                     United States Attorney

7                                    /s/ Kelli L. Taylor
                                     KELLI L. TAYLOR
8                                    Assistant U.S. Attorney

11 Dated: 1/7/11                     /s/ Stephen A. Munkelt
                                     Stephen A. Munkelt
12                                   Attorney for Claimants
                                     Eric Engstrom and Mona Colomb
13                                   (As authorized by email 1/7/11)

15                                **ORDER**

16  For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) until **April 7, 2011.**  On or before April 18, 2011, the parties shall file a Joint Status Report advising the court whether a further stay is necessary .  The Scheduling Conference is continued to **May 2, 2011 at 2:00 p.m.**

    **IT IS SO ORDERED.**

Dated:  January 10, 2011

_[signature]_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE